Kavita KOMAL; Suruj Pal,
et al., Petitioners,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 07–70316.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2010.*

Filed April 13, 2010.

Kavita Komal, La Puente, CA, pro se.

Alveena Akashni, La Puente, CA, pro se.

Davina Devika, La Puente, CA, pro se.

Suruj Pal, La Puente, CA, pro se.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Andrew C. Maclachlan, Colette Jabes Winston, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: RYMER, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Kavita Komal and Suruj Pal, wife and husband and their children, natives and citizens of Fiji, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, *Hoxha v. Ashcroft,* 319 F.3d 1179, 1182, n. 4 (9th Cir. 2003), and de novo questions of law, *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000), and we deny the petition for review.

The BIA correctly concluded that petitioners failed to establish past persecution based on the agency's previous credibility finding, which the court upheld in *Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000). *See Belayneh v. INS,* 213 F.3d 488, 492 (9th Cir.2000) (issue preclusion applies in immigration proceedings); *see also Matter of Fedorenko,* 19 I. & N. Dec. 57, 61 (BIA 1984) (applying the doctrine of collateral estoppel where the alien was given a full and fair opportunity to litigate in prior proceedings).

In assessing future fear, the agency applied the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004), but concluded that because petitioners were not credible with respect to their claims of past harm, they did not demonstrate the requisite individualized risk of persecution. Substantial evidence supports the agency's finding. *Cf. Sael,* 386 F.3d at 927–29. Further, on the record, the petitioners failed to establish a pattern or practice of persecution of Indo–Fijians in Fiji. *See Wakkary v. Holder,* 558 F.3d 1049, 1060–62 (9th Cir.2009).

Because petitioners have not met the standard for asylum, they necessarily can-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**

Because Lim has not met the standard for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.